**Joan WOODRUFF et al.,
Plaintiffs-Appellants,**

v.

**Hewitt P. TOMLIN, Jr., et al.,
Defendants-Appellees.**

**No. 74–1876.**

United States Court of Appeals,
Sixth Circuit.

Feb. 21, 1975.

Norman Herring, Phoenix, Ariz., H. Houston McKnight, Memphis, Tenn., for plaintiffs-appellants.

Leo Bearman, Jr., Leo Bearman, Sr., John J. Thomason, Memphis, Tenn., Victor F. Schneider, Jackson, Tenn., for defendants-appellees.

Before WEICK, EDWARDS and CELEBREZZE, Circuit Judges.

WEICK, Circuit Judge.

The sole question in this appeal is whether the plaintiffs' action for damages for malpractice against their attorneys, the defendants, was barred by the Tennessee one-year statute of limitations, Tennessee Code Annotated § 28–304.[1] The District Court held that the

---

1. The pertinent provisions of the Tennessee statute of limitations are:

. . . [A]ctions and suits against attorneys for malpractice whether said actions are grounded or based in contract or tort, . . . shall be commenced within one (1) year after [the] cause of action accrued. (T.C.A. § 28–304).

action was barred by the statute of limitations. The Court granted the defendants' motion for summary judgment and dismissed the complaint. The plaintiffs appealed. We reverse.

Joan and Patricia were minor sisters. Their father employed the attorneys, the defendants, to represent them in their claims for damages for personal injuries arising out of a collision between an automobile driven by Patricia, in which Joan was riding as a passenger, and a gravel truck owned by G. L. Teague and driven by his employee, James Pomeroy, which collision occurred on May 22, 1968.

The attorneys filed suit in behalf of the sisters in the Circuit Court of Chester County, Tennessee, against Teague and Pomeroy, to recover damages for serious personal injuries sustained by the sisters.

The case was tried before a jury, resulting not only in a verdict in favor of the defendants, on the plaintiffs' claims for personal injuries, but also in favor of the defendants on their cross-claim against the plaintiff, Joan Woodruff, for damages. An appeal was taken to the Tennessee Court of Appeals from the judgment entered upon the verdict. The Court of Appeals affirmed the judgment of the Circuit Court on January 15, 1973. This malpractice suit was filed within one year thereafter, namely on January 14, 1974.

In their complaint the plaintiffs charged the defendants with negligence and dereliction of duty in their investigation and preparation for trial, continuing in their handling of the case in the Circuit Court and in the Court of Appeals. They also alleged in their complaint that the attorney-client relationship continued until some time after January 15, 1973, and that they first learned of the breach of duty and negligence of the defendants some time after January 15, 1973.

It was the position of the defendants in the District Court that the plaintiffs' cause of action accrued as to each negligent act or omission at the time such negligent act or omission occurred; thus, the claim for improper investigation and pretrial preparation accrued prior to the trial.

The claim for ineffective and improper representation at the trial accrued at the end of the trial.

Relative to the Court of Appeals, it was the position of the defendants that any cause of action for negligence or dereliction of duty in that Court accrued on October 17, 1972, which was the date of oral argument. The appeal, however, was pending until the Court of Appeals decided the case on January 15, 1973.

The relationship of attorney and client did not end on the date of the oral argument; it certainly continued until after the Court of Appeals decided the case. The attorneys owed a duty to advise their clients of the decision of the Court of Appeals, and to consult with them as to whether they desired an appeal taken to the Supreme Court of Tennessee. Until the case was finally terminated and a final judgment rendered the plaintiffs could not prove damage, because the Court of Appeals might have granted a new trial, and on retrial a different result could possibly have occurred.

The District Court relied on Albert v. Sherman, 167 Tenn. 133, 67 S.W.2d 140 (1934) for the general rule in Tennessee that a cause of action for malpractice accrues from the date of the wrongful act, rather than the date of the damage caused. It also distinguished Bland v. Smith, 197 Tenn. 683, 277 S.W.2d 377 (1955), which held that the cause of action accrued when the judgment became final; and Frazor v. Osborne, 57 Tenn. App. 10, 414 S.W.2d 118 (1966), involving continued negligence.

The District Court did not have the benefit of the most recent decision of the Supreme Court of Tennessee in Teeters v. Currey, Tenn., 518 S.W.2d 512 (1974), which held that a cause of action for medical malpractice did not accrue until it was discovered or should reasonably have been discovered by the patient. The Supreme Court of Tennessee overruled all previous Supreme Court and

Appellate decisions inconsistent with its holding. In that case the Court stated:

The same considerations of elemental justice would demand a similar rule in malpractice actions. We find it difficult to embrace a rule of law requiring that a plaintiff file suit prior to knowledge of his injury or, phrasing it another way, requiring that he sue to vindicate a nonexistent wrong, at a time when injury is unknown and unknowable.

In our opinion this same rule applies to malpractice cases against lawyers. We are confident that if this decision had been available for the District Judge he would have reached a different result in the instant case.

The plaintiffs could not reasonably have discovered the negligent acts until the termination of the litigation and until after the relationship of attorney-client had ended.

In Hodge v. Service Mach. Co., 438 F.2d 347, 349 (6th Cir. 1971), Judge Celebrezze, who wrote the opinion for the Court, stated:

A cause of action accrues when a suit may be maintained upon it. Black's Law Dictionary 37 (4th ed. 1951). A suit may not be brought upon a cause of action until it exists, and a cause of action does not exist until all its elements coalesce. In civil actions for damages, two elements must coalesce before a cause of action can exist: (a) a breach of some legally recognized duty owed by the defendant to the plaintiff; (b) which causes the plaintiff some legally cognizable damage.

Thus, no cause of action accrued until after the plaintiffs discovered or could reasonably have discovered the malpractice and until after the judgment of the Circuit Court had become final. Teeters v. Currey, *supra*; Bland v. Smith, *supra*. The judgment did not become final until the Court of Appeals decided the appeal and the time to ap-

peal to the Supreme Court of Tennessee had expired.

The judgment of the District Court is reversed and the cause is remanded for trial on its merits.