421 So.2d 184 (1982)
DON REID FORD, INC., a Florida Corporation, Formerly Known As Johnny Bolton Ford, Inc., for the Use and Benefit of Florida Insurance Guaranty Association, Inc., a Florida Corporation, Appellant,
v.
Bennett G. FELDMAN and Gulf Insurance Company, Appellees.
No. 81-858.
District Court of Appeal of Florida, Fifth District.
October 6, 1982.
Rehearing Denied November 5, 1982.
*185 Robert W. Mixson and John W. Bussey, III, of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Orlando, for appellant.
John Ward Smith of Rumberger, Kirk, Caldwell & Cabaniss, P.A., Orlando, for appellees.
ORFINGER, Chief Judge.
The trial court entered a summary final judgment for appellees on the theory that the statute of limitations had run on appellant's subrogation claim, and this appeal follows. We affirm.
When Don Reid Ford, Inc., (under the former name of Johnny Bolton Ford, Inc.), was sued for damages because of the negligent operation of a motor vehicle by one of its employees, its liability insurer, Commonwealth Insurance Company (Commonwealth) retained appellee Feldman as counsel to defend the action for its insured. When Feldman failed to appear for trial, a final judgment by default was entered against Don Reid Ford, Inc., on March 20, 1978. Because Commonwealth was now bankrupt, Don Reid Ford, Inc., paid the judgment and made a claim against appellant Florida Insurance Guaranty Association, Inc. (FIGA).[1] FIGA paid Don Reid Ford, Inc., on February 5, 1980.
As subrogee of Don Reid Ford, Inc., FIGA filed this malpractice action on September 23, 1980, against Feldman and his malpractice insurer, seeking to recover the amount it had paid to Don Reid Ford, Inc. Feldman contended that the statute of limitations began to run on March 20, 1978, when the judgment was entered against Don Reid Ford, Inc., and that the present action was thus barred because it was filed more than two years from that date.[2] The trial court agreed and entered the summary final judgment.
We agree that the statute of limitations began to run on the malpractice action when the judgment was entered against the insured because of the alleged malpractice of the attorney. FIGA has only the cause of action which Don Reid Ford, Inc., had against the attorney or, alternatively, the cause of action which Commonwealth would have had against its attorney, and either cause of action arose when the judgment was entered against Don Reid Ford, Inc. See State Farm Mutual Automobile Insurance Co. v. Kilbreath, 419 So.2d 632 (Fla. 1982); Dickerson v. Orange State Oil Co., 123 So.2d 562 (Fla.2d DCA 1960). The rule is summarized in the annotation in 91 A.L.R.3d 844 (1979) as follows:
Where insurers have brought actions for subrogation to recover, for injuries or damage for which the insurer has paid its insured, against a third party whose alleged tortious conduct caused the injuries or damage, such insurers have frequently attempted to have applied to the subrogation actions the same time of accrual as that applied to indemnity actions, but courts generally have adhered to the view that the statute of limitations begins to run on a subrogated insurer's action against a third-party tortfeasor at the same time that the statute of limitations would begin to run on an action by the insured, or his personal representative in the event of the death of the insured, against the third-party tortfeasor. A rationale offered in support of this view has been that a subrogated insurer stands in the shoes of its insured, taking no rights other than those that the insured had, and at the same time being subject to all *186 defenses which the third-party tortfeasor might assert against the insured.
Id. at 847.
Appellant relies on Underwriters at Lloyds v. City of Lauderdale Lakes, 382 So.2d 702 (Fla. 1980), as support for its position that its subrogation action is a new cause of action and therefore the statute of limitations on its claim did not begin to run until it paid the judgment. City of Lauderdale Lakes involves a factual situation not at all analogous to the case here and, moreover, the supreme court does not address in that case any question involving the statute of limitations.
The judgment is AFFIRMED.
FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.
NOTES
[1] See section 631.50, et seq., Florida Statutes (1979).
[2] See section 95.11(4), Florida Statutes (1979).