**Doris PIERCE, Claimant,**

**v.**

**Linda SCHLATTER, Executor of the Estate of A.H. McCann, Respondent,**

**Emma Bovee, a/k/a Mrs. A.H. (Dewey) McCann, Intervenor–Appellant.**

**No. 88–1404.**

Supreme Court of Iowa.

Aug. 16, 1989.

As Corrected Aug. 28, 1989.

Review Denied Sept. 15, 1989.

Kevin C. Neylan, Neylan Law Office, Elkader, for intervenor-appellant.

Robert E. Ford of Klinger, Robinson & McCuskey, Cedar Rapids, for executor-appellee.

D.J. Ibeling, Cedar Rapids, for claimant-appellee.

Considered by LARSON, P.J., and CARTER, NEUMAN, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

On June 13, 1988, Doris Pierce filed a petition in the estate of her father, Albert H. McCann, to impress a trust in her favor upon all of the estate's assets. She contended she was entitled to these assets pursuant to a contractual will executed in 1963 by her parents. After her mother died in 1972, Pierce's father executed a second will, which was admitted into probate in his estate on February 3, 1988. Pierce's petition to impress a trust was denied by the executor of the estate.

On September 8, 1988, this matter was set for trial to the court. Also that day,

Emma Bovee, with whom McCann had lived for a number of years before his final illness, filed a petition of intervention, alleging she was entitled to certain assets on which Pierce sought to impress the trust. Bovee also filed a demand for jury trial, which the executor moved to strike. The district court, sitting in probate, sustained the executor's motion to strike and we then accepted Bovee's interlocutory appeal. We affirm.

In Pierce's petition to impress a trust on estate assets no demand for a jury trial was made. Before the district court and on appeal, Pierce joined the executor in disclaiming a right to a jury trial. Thus, the question is presented whether an intervenor can compel a trial by jury when neither the claimant nor respondent desires it. In this case the answer is subsumed in our analysis of Pierce's rights.

The statutory issue raised is whether Pierce's request to impress a trust on the assets of the estate constituted a "claim," as that term is used in Iowa Code section 633.447 (1987), which provides:

> The trial of a claim and the offsets or counterclaims, if any, shall be to the court without a jury; provided, however, that the court may, in its discretion, either on its own motion or upon the motion of any party, submit the same to a jury; and provided further, that *in the event that the amount of the claim or a counterclaim exceeds the sum of three hundred dollars, either party shall be entitled to a jury trial,* if written demand therefore is made as provided in the Rules of Civil Procedure in relation to the trial of ordinary actions.

(Emphasis added.) The amount of the assets of the estate greatly exceeds the sum of three hundred dollars. The executor contends Pierce's request was not a claim and is therefore governed by section 633.-33, which provides:

> Actions to set aside or contest wills, for the involuntary appointment of guardians and conservators, and for the establishment of contested claims shall be triable in probate as law actions, and *all other matters triable in probate*

*shall be tried by the probate court as a proceeding in equity.*

(Emphasis added.)

We note at the outset that it is not significant that part of Pierce's request was filed on a "claim in probate" bar form. We look at the substance of the request, not its form. *See Neylan v. Moser,* 400 N.W.2d 538, 541 (Iowa 1987); *Bump v. Stewart, Wimer & Bump,* 336 N.W.2d 731, 736 (Iowa 1983).

In *Patterson v. Carr,* 189 Iowa 69, 71, 176 N.W. 265, 266 (1920), this court noted that, "Claims against an estate are in the nature of pecuniary demands which could have been enforced against the decedent, had he not departed this life." Numerous sections in chapter 633 support this view. For example, the term "amount" is frequently used when referring to a "claim." *E.g.,* Iowa Code §§ 633.418, 633.424, 633.-447.

A request to impress a trust is not in the nature of a pecuniary demand; it is an equitable remedy that has long been utilized under circumstances identical to those presented in this case. *See, e.g., Matter of Estate of Chapman,* 239 N.W.2d 869, 873 (Iowa 1976); *Stewart v. Todd,* 190 Iowa 283, 291, 173 N.W. 619, 622 (1920). With regard to later testamentary provisions by the survivor that are contrary to the obligations under a prior joint and mutual will, this court long ago stated:

> A court of equity would in such event proceed upon the ground that the survivor was bound not merely in honor, but by his agreement and by the acceptance of the benefit which that agreement procured for him. In such a case obviously no remedy at law would be adequate to the party in whose interest and for whose ultimate advantage the testamentary agreement had been entered into. Therefore equity would perform its high function of supplying the relief which the rules of law are not sufficiently elastic to comprehend, and, recognizing the obligation which in conscience and honor rested upon the surviving party, would decree a specific performance of the testamentary agreement by compelling

those persons into whose possession the property affected may have come to account for and deliver it over to the complainant for being impressed with a trust in his favor.

*Baker v. Syfritt,* 147 Iowa 49, 58–59, 125 N.W. 998, 1002 (1910).

The equitable nature of this remedy is not affected by the need for the court to make factual determinations regarding the contractual nature of the prior will. We conclude Pierce's request to impress a trust was not a "claim" under section 633.-447. The district court therefore properly struck intervenor-appellant's jury demand.

AFFIRMED.