# IN THE COURT OF APPEALS OF IOWA

No. 17-1866
Filed July 18, 2018

IN RE THE MARRIAGE OF SCOTT ALLEN JUDD
AND SHAWN L. JUDD

Upon the Petition of
**SCOTT ALLEN JUDD,**
        Petitioner-Appellant,

**And Concerning**
**SHAWN L. JUDD,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Clinton County, John D. Telleen,

Judge.


        The petitioner appeals the district court's denial of his application to modify

the parties' dissolution decree.  **APPEAL DISMISSED.**


        Robert J. McGee of Robert J. McGee, P.C., Clinton, for appellant.

        James L. Pillers of James L. Pillers, P.C., Clinton, for appellee.


        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Scott Judd appeals the district court's denial of his application to modify the parties' dissolution decree. Scott's application to modify was instead an untimely motion pursuant to Iowa Rule of Civil Procedure 1.904(2) and did not extend the time for filing an appeal. Because the appeal is untimely, we do not have jurisdiction to consider it. We therefore dismiss the appeal.

## I.     Background Facts & Proceedings

Scott and Shawn Judd were previously married. They have one child, A.L.J., who was born in 1997. A decree of dissolution of marriage was filed on October 16, 2008, granting the parties joint legal custody of the child, with Shawn having physical care. Scott had regular visitation with the child. He was ordered to pay child support of $350 per month "so long as [the child] qualifies for support pursuant to Iowa Code Section 598.1(9)."

Shawn filed an application for modification of the dissolution decree on October 7, 2016, stating A.L.J. had reached the age of majority but requested a continuation of Scott's child support obligation under Iowa Code section 598.1(9) (2016), because the child was dependent on the parties due to a physical or mental disability. She additionally requested an increase in Scott's child support obligation. The application stated Shawn was appointed as the guardian and conservator for the child on September 23, 2015.

In a counterclaim, Scott stated he would like to become a co-guardian and co-conservator for the child. He also stated if the court granted the parties shared physical care of the child, his child support obligation should be adjusted

accordingly. He asked the court to address the issue of the dependency issue for the child and requested trial attorney fees.

A hearing on Shawn's application for modification was held on March 21, 2017.[1] Shawn filed a post-trial brief setting out her reasons for requesting an increase in Scott's child support obligation. In Scott's post-trial brief, he claimed there was no evidence to show the child needed support beyond what she would receive in Social Security disability benefits if he were not paying support. He stated "one could argue" the disability benefits should be prorated between the parties.

The district court issued a decision on March 24, finding it was reasonable and necessary for the child to continue to receive support under section 598.1(9) due to her disabilities. The court concluded an increase in child support was not warranted, as the child received $539 in Social Security disability benefits and $350 in support from Scott, for a total of $889 per month.[2] This amount was larger than the amount that would have been payable under the child support guidelines, $686 per month. The court denied Shawn's application for modification of the decree. The court did not address the issues raised in Scott's counterclaim, other than to state his request for joint guardianship of the child should be addressed in the separate guardianship proceedings.

On September 5, Scott filed an "Application for Modification of the Decree of Dissolution of Marriage to Determine and/or Clarify Status of Support." The

---

[1] There is no transcript of the hearing.
[2] The court found the child would receive $749 per month in Social Security disability benefits if she did not also receive support from Scott. The disability benefits were reduced to $539 per month as a result of Scott's child support payments.

application (1) noted the court did not specifically order the continuation of support; (2) requested the court to review the amount of support if it was continued, considering the time he spent with the child and the fact he did not receive any of the child's Social Security disability benefits; and (3) asked the court to eliminate his support obligation for the child and stated the Social Security disability benefits should be prorated between the parties.

The district court entered a ruling on September 22, finding Scott's application for modification was actually a motion to amend or modify pursuant to Iowa Rule of Civil Procedure 1.904(2) and was untimely. The court concluded it was without jurisdiction to consider the motion and it should be denied. The court also noted it "did not reduce, alter, or change the amount of child support set forth in the Decree."

Scott filed a rule 1.904(2) motion, stating he was entitled to a hearing on his application to modify the decree. He claimed the court should "address the level of contribution payable, if any," and whether the Social Security disability benefits should be prorated between the parties. The district court denied the motion. Scott now appeals the district court's denial of his application for modification.

## II. Standard of Review

Our review of dissolution actions is de novo. *In re Marriage of Okland*, 699 N.W.2d 260, 263 (Iowa 2005) (utilizing de novo review in consideration of whether a rule 1.904(2) motion was untimely).

## III. Discussion

Scott claims the district court improperly considered his application for modification of the decree as a rule 1.904(2) motion, which it then found to be

untimely. He states he properly alleged there had been a substantial change in circumstances and the court should have addressed his application on the merits. Scott claims the court improperly dismissed his application on a sua sponte basis, without a hearing and without giving him the opportunity to present evidence. He asks to have his application to modify reinstated.[3]

In order to determine the nature of an application or motion we consider the substance of the document, rather than its title. *Doland v. Boone Cty.*, 376 N.W.2d 870, 876 (Iowa 1985). "[I]t is the substance of a motion, not its label, that discloses its character." *Neylan v. Moser*, 400 N.W.2d 538, 541 (Iowa 1987). "We have indicated that form must give way to substance." *Gold Crown Props., Inc. v. Iowa Dist. Ct.*, 375 N.W.2d 692, 700 (Iowa 1985). "The label attached to a motion is not determinative of its legal significance; we will look to its content to determine its real nature." *Iowa Elec. Light & Power Co. v. Lagle*, 430 N.W.2d 393, 395 (Iowa 1988). In determining the substance of a motion, we consider the type of relief requested. *See E & M Mach. Tool Corp. v. Cont'l Mach. Prods., Inc.*, 316 N.W.2d 900, 903–04 (Iowa 1982).

The Iowa Supreme Court has discussed the uses of a rule 1.904(2) motion:

> The confusion surrounding the application of rule 1.904(2) motions relates, in part, to its varied uses. The rule can be used by a party, with an appeal in mind, as a tool for preservation of error. *See Meier v. Senecaut,* 641 N.W.2d 532, 538 (Iowa 2002) ("Our preservation of error doctrine requires a party to make a request for a ruling, and rule 179(b) [now 1.904(2)] establishes a procedure to use under some circumstances to make the request."). Similarly, it can be used to better enable a party to attack "specific adverse findings or rulings in the event of an appeal" by requesting additional findings and conclusions. *Johnson v. Kaster,* 637 N.W.2d 174, 182 (Iowa 2001) (citing *Ritz v. Wapello County Bd. of Supervisors,* 595

---

[3] Shawn, the appellee in this case, waived her right to file an appellate brief.

N.W.2d 786, 789 (Iowa 1999)). Additionally, it can be used, with no appeal in mind, to obtain a ruling on an issue that the court may have overlooked in making its judgment or decree. *See U.S. Cellular Corp. v. Bd. of Adjustment,* 589 N.W.2d 712, 720 (Iowa 1999) ("When the district court fails to comply with rule 179(a) [now 1.904(1)], a party may request that the court enlarge or amend its findings and conclusions."). Yet, it can also be used by a party to merely request the court to reconsider and change the ruling, with or without an appeal in mind. *Meier,* 641 N.W.2d at 538. These purposes are all derived from the broad language of the rule allowing a party to file a motion following the entry of a judgment or decree in many types of nonjury cases to request "the findings and conclusions . . . be enlarged or amended and the judgment or decree modified . . . or a different judgment or decree substituted." Iowa R. Civ. P. 1.904(2).

*Okland*, 699 N.W.2d at 266–67.

Scott's application noted the court entered an order on March 24, 2017, and stated, "The Court did not specifically order the continuation of child support as was payable under the Decree pursuant to the Uniform Child Support Guidelines." Scott also asked the court to "review and clarify" its previous order on the issue of whether his child support under the decree had been extended. The issues he raised, whether his child support obligation should be modified or eliminated and whether the Social Security disability benefits should be prorated, were raised in his post-trial brief.

Scott's application for modification, filed on September 5, 2017, fits within the uses of a rule 1.904(2) motion to challenge the court's ruling on Shawn's application for modification, but it was not filed within fifteen days after the court ruled on her application on March 24, 2017. *See* Iowa R. Civ. P. 1.1007 (stating motions must be filed within fifteen days after a court's decision). We find the district court was legally correct in determining Scott's application for modification should be treated as an untimely rule 1.904(2) motion.

We note, however, there are no time limitations in section 598.21C for modification of support orders. The fact Shawn filed an application for modification of the decree and the court ruled on her application on March 24, 2017, would not prohibit Scott from filing an application for modification at any time after the court's ruling. The court's ruling denying Scott's application for modification has prolonged the case, since the issues he seeks to raise were not addressed in the court's ruling on Shawn's application for modification and could be the basis for a new application for modification in the future.

Scott's untimely rule 1.904(2) motion does not extend the time for filing an appeal. *See Soults Farms, Inc. v. Schafer*, 797 N.W.2d 92, 109 (Iowa 2011). Because the appeal is untimely, we do not have jurisdiction to consider it. *See Explore Info. Servs. v. Iowa Ct. Info. Sys.*, 636 N.W.2d 50, 57–58 (Iowa 2001). We therefore dismiss the appeal.

**APPEAL DISMISSED.**