# IN THE COURT OF APPEALS OF IOWA

No. 24-1644
Filed October 29, 2025

**JANET WITTE,**
        Plaintiff-Appellant,

**vs.**

**FRED WITTE,**
        Defendant-Appellee.

_____

**FRED WITTE,**
        Counter-Claim Plaintiff-Appellee,

**vs.**

**JANET WITTE and CARL WITTE,**
        Counter-Claim Defendants-Appellants.

_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

Litigants appeal orders denying a motion to tax costs and a late post-trial motion to amend the pleadings. **AFFIRMED.**

Marc S. Harding and Joseph R. Casey (until withdrawal) of Harding Law Office, Des Moines, for appellants.

Steven E. Ballard and Peter J. Gardner of Leff Law Firm, L.L.P., Iowa City, for appellee.

Considered without oral argument by Tabor, C.J., and Greer and Buller, JJ.

**BULLER, Judge.**

What started out as a family dispute over money in small-claims court is before us in a fight over the ability to assert a post-trial counterclaim and a squabble over deposition costs. Brothers Fred and Carl Witte co-own a 160-acre farm. Carl hired his and Fred's sister Janet to examine the books, and she discovered the farm partnership had more than $130,000 in unpaid accounts receivable. Carl, on behalf of the farm partnership, promised Janet a 10% finder's fee—a total of $13,000. Carl paid the half of the finder's fee he was liable for but Fred refused to pay his half.

A lot could be said about the legal proceedings that followed. Suffice to say for purposes of this appeal, Janet filed suit for the unpaid portion of the finder's fee; Fred denied Janet's claim and made his own claims against her and Carl; and the matter proceeded to bench trial.

The district court found Fred liable for the outstanding portion of the finder's fee and dismissed Fred's counterclaim. Janet moved for the district court to order Fred to pay the cost of two depositions, which the court denied. And Carl moved to amend the pleadings to include a counterclaim against Fred for outstanding rent; the court denied this too.

Janet and Carl appeal. They do not seek review of the merits resolved by verdict but instead challenge denial of their post-trial motions.

**Carl's post-trial motion to amend the pleadings.** The legal issue at trial ultimately turned on whether Carl and Fred were partners and each liable for half of the endeavor's expenses (like Janet's finder's fee). Although somewhat tangential to the originally pled issue, evidence was adduced that Fred had

withheld certain payments to Carl. Carl's counterclaim—filed some three-and-a-half months after the record was closed at trial—sought to compel those withheld payments. *See* Iowa R. Civ. P. 1.457.

The district court summarily denied the motion to amend the pleadings to add the counterclaim, adopting the reasoning given by Fred in his resistance. The resistance emphasized that the motion to amend added new issues, arguably changed the burden of proof, denied Fred the opportunity to conduct discovery or mount a defense, and ultimately prejudiced him.

"The trial court has considerable discretion in granting or denying a motion for leave to amend; we will reverse only when a clear abuse of discretion is shown." *Reyes v. Int'l Van Lines, Inc.*, 9 N.W.3d 793, 797 (Iowa Ct. App. 2024) (citation omitted). "Our real inquiry in reviewing a trial court's ruling on a motion to amend is whether the ruling lacks a solid legal basis." *Neylan v. Moser*, 400 N.W.2d 538, 543 (Iowa 1987).

We discern no abuse of discretion here. The motion to amend was certainly dilatory by months, even if we accept at face value that the facts adduced at trial adequately addressed the claim. And we tend to agree that, while there is some commonality of issues regarding the existence of the partnership, the question of whether Fred owed Janet his half of her finder's fee is quite a bit different from whether Fred owed Carl certain withheld payments. We affirm the district court's denial of the motion to amend.

**Janet's motion to tax costs of depositions.** After prevailing at trial, Janet moved to tax the costs of two depositions to Fred. Fred resisted, claiming Janet failed in her burden to show the costs were "necessarily incurred." *See* Iowa R.

Civ. P. 1.716.  The district court denied Janet's motion to tax costs without explanation.

"Costs for depositions are not necessarily incurred within the meaning of [Iowa Rule of Civil Procedure 1.716] unless they are introduced into evidence in whole or in part at trial."  *EnviroGas, L.P. v. Cedar Rapids/Linn Cnty. Solid Waste Agency*, 641 N.W.2d 776, 786 (Iowa 2002) (cleaned up).  We review the district court's analysis under this rule for: (1) substantial evidence as to whether the deposition costs were "necessarily incurred" through introduction into evidence at trial; and (2) abuse of discretion as to whether the costs should be taxed in whole or in part.  *See id.*

For our purposes, we assume without deciding the district court found the depositions were introduced into evidence and the expenses were necessarily incurred, and we consider the district court's exercise of discretion.  We have little trouble concluding that denying the motion to tax the depositions was within the court's discretion given its privileged seat to see the conduct of litigation and development of evidence at trial.  However, we observe that it is a best practice for a district court to offer an explanation for its ruling, even when deciding matters entrusted to its discretion, so that we need not rely on the court's implied reasoning.

**AFFIRMED.**