STATE of Iowa, Appellee,

v.

Jessie B. WILSON, Appellant.

No. 2–57791.

Supreme Court of Iowa.

Oct. 15, 1975.

Robert E. Mahan, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Nancy J. Shimanek, Asst. Atty. Gen., and David Dutton, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

Defendant, Jessie B. Wilson appeals denial of his application for postconviction relief. We dismiss the appeal.

On October 1, 1973 defendant, with counsel, entered a plea of guilty to assault with intent to commit a felony, to wit: manslaughter. Code section 694.5. On November 15, 1973 defendant was sentenced to one year in the Black Hawk County Jail. Under the terms of the sentence defendant was to serve the first 120 days under the jail work release provisions of Code chapter 356, and if he did not violate its terms and upon good behavior, the balance of the sentence would be suspended. Judge Engelkes explained to defendant he would be confined to the county jail during the first four months except such time he would spend on his job. Defendant and his counsel were directed to the court services probation office where defendant was to have completed the work release schedule. Without doing so defendant left Iowa the next day after the sentencing. He was arrested in Adrian, Michigan, May 10 and returned to the Black Hawk County Jail on May 14, 1974 at which time Judge Engelkes entered an order terminating defendant's work release privileges.

On September 12, 1974 defendant filed an application in Black Hawk District Court attacking the May 14 revocation order on the ground he had not been given notice and a hearing prior thereto. On October 17, 1974 defendant's application was heard and denied. Notice of appeal therefrom was given November 15, 1974.

The record discloses defendant completed his one year jail term and was released prior to submission of this appeal. Thus we are faced with a question of mootness as defendant's appeal challenges only the propriety of the work release revocation. No issue is raised regarding the validity of the guilty plea, the sentence or other matters which affect defendant's reputational interest or cause him any collateral legal disad-

vantage beyond the sentence. This appeal does not present a matter of significant public interest or precedent as found in *Danner v. Hass,* 257 Iowa 654, 134 N.W.2d 534 where we exercised our discretion and decided an issue which was otherwise moot.

■ In general an action is moot if it no longer presents a justiciable controversy because the issues involved have become academic or nonexistent. A case is moot when judgment, if rendered, will have no practical legal effect upon the existing controversy. *Board of Directors Ind. Sch. Dist. v. Green,* 259 Iowa 1260, 1264, 147 N.W.2d 854, 856, and citations. See also 5 Am.Jur.2d, Appeal and Error, sections 760–768; 24A C.J.S. Criminal Law § 1833 and Annot., 9 A.L.R.3d 462.

In *People v. Beathea,* 24 Ill.App.3d 460, 321 N.E.2d 458, 464, defendant challenged the lower court's refusal to let her out of jail on work release. At pages 463–464, 321 N.E.2d, the court concluded:

"Here, defendant does not seek a reversal of her conviction, but requests only that her case be remanded for resentencing or, in the alternative, remanded for hearing for placement on the work release program. Even if we were to grant defendant's prayer for relief, it would in no way benefit her. Defendant has already been paroled and being admitted to the work release program would require her to again be incarcerated. A remandment for resentencing at this time would not serve any useful function to the defendant. Under these circumstances, defendant's argument is moot and need not be considered."

Where a defendant was challenging only the propriety of his sentence and not the conviction itself, the court in *People v. Murrell,* 60 Ill.2d 287, 326 N.E.2d 762, 766, stated:

" * * * Murrell has served the sentence imposed. The relief prayed is not to set aside the conviction but only the sentence. Nullification of a conviction may have important consequences to a defendant (*People v. Shambley,* 4 Ill.2d 38, 122 N.E.2d 172; see also Annot., 9 A.L.R.3d 462 (1966)). The same consequences are not apparent, however, when the conviction stands and only the sentence is set aside. (*North Carolina v. Rice,* 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413.) Since the sentence has been served, the question of the validity of its imposition is moot, and it is unnecessary for this court to consider it further."

In *Nitta v. Kuda,* 249 Iowa 853, 858, 89 N.W.2d 149, 151, where we dismissed the appeal as the issue had been mooted by the lapse of time, we stated:

"It was also suggested that a decision on the merits here might affect other litigation. This would amount to an advisory opinion, which is beyond the scope of our duties or authority. Nor do we render decisions merely for the purpose of determining liability for costs. *Johnston v. Kirkville Independent School District,* supra, and cases cited pages 1329, 1330, of 240 Iowa, at pages 287, 288 of 39 N.W.2d."

■ This appeal challenges only the propriety of the work release revocation. Defendant seeks to have his work release privileges reinstated or in the alternative that he be released from custody. He has already been released from the county jail having served his sentence. This court can do no more for him. The appeal is now moot and must be dismissed.

Appeal dismissed.