**Ronal Alan RAREY, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 99–0847.

Supreme Court of Iowa.

Sept. 7, 2000.

Dennis A. Bjorklund, Coralville, for appellant.

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellee.

CARTER, Justice.

Postconviction applicant, Ronal Alan Rarey, challenges the district court's dismissal of his application on mootness grounds. Rarey contends his application is not moot because he must successfully challenge the disciplinary sanctions imposed against him in order ᴠto file a civil rights action for alleged constitutional deprivations. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

On January 29, 1999, Rarey filed a postconviction relief application, seeking a restoration of ninety days of good-conduct time stemming from an escape violation, and also seeking credit for 160 days of jail time in other jurisdictions awaiting extradition following his capture. Because Rarey had discharged his sentence on December 20, 1998, the State requested that the action be dismissed as moot. The district court agreed and dismissed the application.

In *Wilson v. Farrier,* 372 N.W.2d 499 (Iowa 1985), this court concluded that an inmate's postconviction challenge to a prison disciplinary action was moot because he had been paroled. If parole status, which carries the possibility of a return to prison for the unexpired period of confinement, moots a challenge to loss of good-time credit, then, *a fortiori*, an absolute discharge moots such consideration.

Rarey relies on *Leonard v. Nix,* 55 F.3d 370 (8th Cir.1995), a federal habeas corpus action in which the court rejected an assertion of mootness following a prisoner's absolute discharge because of "collateral consequences." The first collateral consequence found to exist was that the petitioner had been returned to prison on a new conviction, and pursuant to prison rules, his prior rule violation could adversely affect his status while serving time on his latest conviction. A second collateral consequence was, the federal court believed, the inability of the petitioner to bring an action under 42 U.S.C. § 1983 until he had successfully challenged the disciplinary violation. In regard to the latter conclusion, the court relied on *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), as precluding a § 1983 claim for improper conviction or improper length of confinement until the

**532**

petitioner has successfully challenged the conviction or the length of confinement.

The determination made in *Leonard v. Nix* involved federal law and is not binding on this court. Manifestly, the conclusions reached in *Leonard* are at odds with our decision in *Wilson v. Farrier*. Moreover, we believe, the interpretation that *Leonard* placed on the Supreme Court's *Heck* decision has been substantially contradicted by a later ruling of the Court in *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

In *Spencer* four members of the Court concluded that *Heck*'s requirement of first setting aside the conviction or period of confinement as a condition for filing a § 1983 action only applied to persons who were still in custody. *Spencer*, 523 U.S. at 17–21, 118 S.Ct. at 988–90, 140 L.Ed.2d at 57–59. Eight justices in *Spencer* held that, even if *Heck* would bar a § 1983 action, that deprivation is not a sufficient collateral consequence to avoid a mootness determination. *Spencer*, 523 U.S. at 17, 118 S.Ct. at 988, 140 L.Ed.2d at 56. We are not persuaded that Rarey's claim of collateral consequence avoids a finding of mootness in the present case.

Nor do we find sufficient public interest in the issues presented in Rarey's postconviction action to warrant our consideration of the case in the face of the mootness of those issues. These claims involve issues that relate peculiarly to Rarey's particular situation.

We have considered all issues presented and conclude that Rarey's application is moot. The judgment of the district court is affirmed.

**AFFIRMED.**

All justices concur except NEUMAN, J., who takes no part.