## IN THE COURT OF APPEALS OF IOWA

No. 14-1833
Filed February 10, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RONNIE EARL HARRINGTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, DeDra L.

Schroeder, Judge.

        A pro se defendant appeals the denial of his motion for correction of an

illegal sentence. **APPEAL DISMISSED.**

        Ronnie Harrington, Fort Dodge, appellant pro se.

        Thomas J. Miller, Attorney General, and Kevin Cmelik and Tyler J. Buller,

Assistant Attorneys General, for appellee.

        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Ronnie Harrington appeals from a district court order denying his motion to correct an illegal sentence related to his 2002 conviction for indecent exposure, in violation of Iowa Code section 709.9 (2001). He raised the same challenge in two prior appeals without success. *State v. Harrington*, No. 12-1153, 2014 WL 969982, at *1 (Iowa Ct. App. Mar. 12, 2014); *State v. Harrington*, No. 10–1299, 2012 WL 474162, at *1 (Iowa Ct. App. Feb. 15, 2012). As in the 2014 appeal, Harrington argues his sentence is illegal because "he did *not* receive an enhanced sentence due to his prior conviction." *Harrington*, 2014 WL 969982, at *1.

Harrington filed a pro se motion to correct illegal sentence on October 1, 2014. He also filed a motion for appointed counsel. The district court denied both motions on October 7, 2014, finding Harrington was not "raising any new issues." In his pro se appellate brief, Harrington challenges both the denial of his statutory right to appointed counsel and the refusal to correct his 2002 serious misdemeanor sentence. Our review is for errors at law. *See Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001).

Initially, it appears Harrington's sentence on this offense has expired and his appeal is moot. We may raise mootness on our own motion. *See Albia Light & Ry. Co. v. Gold Goose Coal & Mining Co.*, 176 N.W. 722, 723 (Iowa 1920). Discharging a sentence usually renders a challenge to the sentence moot. *See Rarey v. State*, 616 N.W.2d 531, 532 (Iowa 2000). On May 9, 2002, Harrington received a one-year sentence with all but sixty days suspended. In September

2003, the court revoked his probation and ordered him to serve 120 days in the county jail with mittimus to issue immediately. Although Harrington's 2002 indecent-exposure conviction has been used to enhance a later conviction under Iowa Code section 901A.2(2), that collateral consequence arose from his conviction not his sentence. The challenge to his sentence is moot. *See State v. Kurtz*, No. 13-0715, 2014 WL 958033, at *4 (Iowa Ct. App. Mar. 12, 2014).

**APPEAL DISMISSED.**