# IN THE COURT OF APPEALS OF IOWA

No. 12-2236
Filed April 6, 2016

**KELVIN L. SCOTT,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

Defendant appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Kelvin L. Scott, Waterloo, appellant pro se.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

Kelvin Scott appeals the dismissal of his application for postconviction relief on the State's motion on the grounds the application was untimely, the issues had previously been raised on appeal, and this Court had dismissed the prior appeal as frivolous. Scott sets forth a variety of claims regarding the actions of his counsel during the appeal of a previous application for PCR as well as alleged errors with both the proceedings and the findings of the district court concerning the present application.

Scott filed the present application for postconviction relief on April 18, 2012. The State filed a motion to dismiss, and a hearing on the State's motion was scheduled for October 10, 2012. On October 11, 2012, the court dismissed Scott's application by order.

On appeal, we are able to discern a claim that Scott's motion for recusal of various district court judges should not have been denied, a claim that his application was dismissed without a hearing, and a claim counsel should have been appointed to represent him despite his waiver of counsel and the presence of stand-by counsel. Scott's assertions and the reasons for them are not supported by citations to applicable authorities nor references to the pertinent parts of the record, as is required by Iowa Rule of Appellate Procedure 6.903(2)(g)(3). Although Scott urges us to overlook these issues to reach the merit of his claims, it has long been the rule that procedural rules apply equally to parties who are represented by counsel and to those who are not. *See In re Estate DeTar*, 572 N.W.2d 178, 180 (Iowa Ct. App. 1997) ("Iowa law dictates that [a pro se] brief is judged by the same standards as a brief filed by an Iowa

lawyer. The law does not judge by two standards, one of lawyers and another for non-lawyers."). As such, we decline to consider the merits of Scott's claims.[1] *Id.* at 181 ("We are not bound to consider a party's position when the brief fails to comply with the Iowa Rules of Appellate Procedure."); *see also Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume."). We affirm the district court's dismissal of Scott's application for postconviction relief.

**AFFIRMED.**

---

[1] In his brief, Scott acknowledges he has been released from prison for the underlying offense. Without further evidence Scott's sentence has been discharged or briefing on the issue of mootness, we do not decide the appeal on this issue. However, we note that "[u]nder some circumstances, an appeal in a postconviction relief action becomes moot when the defendant has been released from imprisonment by the time the appeal reaches appellate review." *See Rhiner v. State*, 703 N.W.2d 174, 177 (Iowa 2005); *see e.g.*, *Rarey v. State*, 616 N.W.2d 531, 532 (Iowa 2000) (finding appeal from denial of postconviction-relief application based on challenge to disciplinary sanctions against applicant was moot because applicant had discharged his sentence); *State v. Wilson*, 234 N.W.2d 140, 141 (Iowa 1975) (finding appeal from denial of postconviction-relief application based on challenge to parole revocation was moot because applicant had discharged his sentence).