**IN THE COURT OF APPEALS OF IOWA**

No. 15-1218
Filed June 15, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DIEZ ANDRE MOORE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell,

Judge.

        Diez Moore appeals the denial of his motion to correct an illegal sentence.

**APPEAL DISMISSED.**

        Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant

Attorney General, for appellee.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Diez Moore appeals the denial of his motion to correct an illegal sentence, which he brought pursuant to *State v. Lyle*, 854 N.W.2d 378, 403 (Iowa 2014).[1] Moore claims the district court erred in concluding his *Lyle* claim was moot and by not allowing Moore to exercise his right of allocution at the hearing.

On February 28, 2002, Moore, as a seventeen-year-old, pled guilty to three criminal offenses, including: (1) robbery in the second degree, (2) theft in the first degree, and (3) assault while participating in a felony. In March 2002, Moore was sentenced to ten years in prison on count one with an eighty-five percent mandatory minimum, ten years on count two, and five years on count three; the sentences were ordered to run consecutively. In December 2014, after the Iowa Supreme Court decided *Lyle*, Moore filed a pro se motion for correction of an illegal sentence. The district court held a hearing on the motion in March 2015 to ascertain the nature of Moore's claims. The court determined it would consider whether the mandatory minimum sentence should be applied after the *Lyle* ruling, and whether the crimes of robbery in the second degree and assault while participating in a felony merge for the purposes of sentencing.

After a hearing in June, the court entered an order finding Moore's *Lyle* claim was now moot because he had already served his mandatory minimum sentence. Further, the court declined to merge the two separate offenses.

---

[1] In *Lyle* the Iowa Supreme Court held "article I, section 17 of the Iowa Constitution forbids a mandatory minimum sentencing schema for juvenile offenders that deprives the district court of the discretion to consider youth and its attendant circumstances as a mitigating factor and to impose a lighter punishment by eliminating the minimum period of incarceration without parole." *Lyle*, 854 N.W.2d at 404.

We agree with the district court's order. Moore had already served his mandatory minimum sentence and was eligible for parole at the time of the hearing; therefore he was not entitled to resentencing pursuant to *Lyle*. *See, e.g., State v. Means*, No. 14-1376, 2015 WL 6509741, at *9 (Iowa Ct. App. Oct. 28, 2015) ("It is appropriate for our court to defer to the supreme court on whether to extend the holdings of *Null*,[2] *Pearson*,[3] and *Lyle* to cases where juvenile offenders do not face any mandatory minimum sentences."); *see also State v. Wilson*, 234 N.W.2d 140, 141 (Iowa 1975) (noting an action is moot if it no longer presents a justiciable controversy because the issues involved have become academic or nonexistent.) As a result, Moore's claim concerning his right of allocution is also moot.

We dismiss Moore's appeal without further opinion pursuant to Iowa Ct. R. 21.26(1)(a), (c), (d), and (e).

**APPEAL DISMISSED.**

---

[2] *State v. Null*, 836 N.W.2d 41 (Iowa 2013)
[3] *State v. Pearson*, 836 N.W.2d 88 (Iowa 2013).