# IN THE COURT OF APPEALS OF IOWA

No. 15-1365
Filed August 31, 2016

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**MICHELLE LYNNE RISIUS,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Hardin County, Paul B. Ahlers, District Associate Judge.

 A defendant appeals her sentence following her guilty plea to possession of a controlled substance. **AFFIRMED.**

 Kimberly A. Voss-Orr of Law Office of Kimberly A. Voss-Orr, Ames, for appellant.

 Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

 Considered by Vogel, P.J., McDonald, J., and Scott, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Michelle Risius appeals following her guilty plea to possession of a controlled substance—methamphetamine—in violation of Iowa Code section 125.401(5) (2015). As part of the plea agreement, the parties presented a joint recommendation that Risius, in exchange for her guilty plea, would receive a deferred judgment and one year of probation. The agreement was not made binding on the court. Ultimately, the court rejected the sentencing recommendation, imposed judgment, sentenced Risius to thirty days in jail with all but four days suspended, and placed Risius on probation for a year subject to certain restrictions. On appeal, Risius claims her counsel was ineffective in failing to object to the prosecutor's breach of the plea agreement. She also claims the court abused its discretion by imposing, rather than deferring, judgment and sentence. Finally, she claims the court abused its discretion when it imposed certain probation conditions restricting her ability to be present in locations where drugs or alcohol are present.

**I. Motion to Dismiss.**

After the case was transferred to this court, the State moved to dismiss the appeal, claiming the discharge of Risius's sentence made the challenges to her sentence moot. *See Rarey v. State*, 616 N.W.2d 531, 532 (Iowa 2000). Risius resisted the motion to dismiss, asserting the appeal is not moot despite the discharge of her sentence because, if we rule in her favor and remand for resentencing, she could receive a deferred judgment rather than a conviction. The deferred judgment could then be expunged from her record upon the successful completion of probation, which would benefit her in the future.

"[A]n action is moot if it no longer presents a justiciable controversy because the issues involved have become academic or nonexistent. A case is moot when judgment, if rendered, will have no practical legal effect upon the existing controversy." *State v. Wilson*, 234 N.W.2d 140, 141 (Iowa 1975). We agree with Risius that the first two claims on appeal are not moot in light of the sentencing option of a deferred judgment, if we agree with her challenges to her sentence. However, Risius's challenge to the court's imposition of certain conditions on her probation is moot because any relief this court could offer on that claim now has no practical legal effect in light of Risius's discharge of her probation. We therefore grant the State's motion to dismiss as to Risius's final claim on appeal, but we deny the motion to dismiss with respect to the first two claims, which we will now address.

## II. Ineffective Assistance of Counsel—Breach of Plea Agreement.

In her first claim on appeal, Risius contends her attorney rendered ineffective assistance by failing to object to the State's breach of the plea agreement at the time of sentencing. Ineffective-assistance claims are reviewed de novo "because the claims implicate the defendant's Sixth Amendment right to counsel." *State v. Perkins*, 875 N.W.2d 190, 192 (Iowa Ct. App. 2015). To prove counsel was ineffective, Risius must prove by a preponderance of the evidence both that counsel failed to perform an essential duty and that this failure resulted in prejudice. *See State v. Bearse*, 748 N.W.2d 211, 214–15 (Iowa 2008). Because counsel's failure to object could not be considered ineffective assistance if the State did not breach the plea agreement, our analysis turns on whether the State breached the agreement at sentencing. *See State v. Lopez,*

872 N.W.2d 159, 169 (Iowa 2015) (noting defense counsel has a duty to object to a prosecutor's breach of a plea agreement and therefore the outcome of the appeal turns on whether the prosecutor breached the agreement). If counsel fails to object to a breach of the plea agreement at sentencing, prejudice is presumed. *Id.* at 170.

The plea agreement was for a joint sentencing recommendation of a deferred judgment plus the applicable fines, surcharges, and costs. At sentencing, the court asked the State to present its evidence, arguments, or recommendations. The prosecutor stated:

> Thank you, Your Honor. The recommendation of the State is that the defendant receive a deferred judgment today for the charge of possession of methamphetamine. Additionally, as part of the plea agreement with the defense, the State did agree to request a dismissal of the related drug paraphernalia charge, a simple misdemeanor charge, and the defendant agreed to pay the court costs on that.

The court confirmed with Risius that she agreed to pay the costs associated with the dismissed charges, and then the prosecutor continued by reciting Risius's criminal history, which included several driving-while-barred or driving-while-suspended offenses. The court then confirmed with defense counsel the prosecutor had accurately recited Risius's criminal history and lived up to its end of the plea agreement, which defense counsel confirmed.

On appeal Risius claims the prosecutor breached the agreement by merely reciting the agreement without making any real recommendation or advocating in favor of the agreement. While the prosecutor used the word "recommendation," Risius claims the prosecutor utterly failed to present the

sentence with her approval, to commend the sentence, or to indicate the sentence is worthy of the court's acceptance. *See Bearse*, 748 N.W.2d at 216.

We conclude the State did not breach the terms of the plea agreement. Unlike the prosecutor in *Bearse*, here the prosecutor did not in any way encourage the court to adopt a harsher sentence. *See id.* ("Not only did the State in this case mistakenly recommend incarceration at the outset, but it clearly suggested incarceration should be imposed by referring to the presentence investigation report (which recommended incarceration) and reminding the court that it was not bound by the plea agreement."). The prosecutor here also did not express any implicit or explicit material reservation about the sentence it was recommending or suggest alternative sentences. *See State v. Horness*, 600 N.W.2d 294, 300 (Iowa 1999) ("The prosecutor also breached the plea agreement by informing the court of an 'alternative recommendation' and making statements implying that the alternative recommendation was more worthy of acceptance."). Nor did the State undermine its recommended sentence by soliciting unfavorable victim impact statements or introducing unfavorable evidence. *See Lopez*, 872 N.W.2d at 178 (noting prosecutors may not "make an end run around an agreed sentencing recommendation of probation by soliciting a victim-impact statement urging incarceration" or "effectively undermine[] the State's sentencing recommendation by using the photos in a manner suggesting a more onerous sentence [i]s warranted").

There is no indication that, as part of the plea agreement, the State agreed to "enthusiastically" endorse the recommended sentence or offer reasons why the recommended sentence should be adopted. *See United States v.*

*Benchimol*, 471 U.S. 453, 455 (1985) ("It may well be that the Government in a particular case might commit itself to 'enthusiastically' make a particular recommendation to the court, and it may be that the Government in a particular case might agree to explain to the court the reasons for the Government's making a particular recommendation.  But respondent does not contend, nor did the Court of Appeals find, that the Government had in fact undertaken to do either of these things here.").  The prosecutor did what the plea agreement called for—to recommend a deferred judgment—and nothing the prosecutor said or did, explicitly or implicitly, undermined the plea agreement.  There was therefore no reason for defense counsel to object at sentencing, and Risius's ineffective-assistance claim fails.  *See State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011) ("We will not find counsel incompetent for failing to pursue a meritless issue.").

## III.  Abuse of Discretion.

Risius also contends the court abused its discretion in not granting a deferred judgment as evidenced by the court's heavy focus on her age.  The court noted that this offense was not due to some "youthful indiscretion or youthful lapse in judgment," but the court went on to say that, at Risius's age, she was "old enough to know better than to be messing around with a drug—an illegal drug of any type, but certainly methamphetamine."  After pronouncing sentence the court again noted Risius was "too old to be sitting in a courtroom on this type—on any type of charge, but on a charge like this.  So I hope that this has been an experience that will cause you to rethink what you are doing with respect to illegal drugs."  Risius asserts the court improperly surmised only young people have lapses in judgment that are worthy of a deferred judgment.  Risius

claims the court ignored the fact that older people can also have lapses in judgment and they also have more at stake in terms of career, family, and status in the community. Risius also points out her criminal history has no drug- or alcohol-related charges.

We review the district court's sentencing decision for an abuse of discretion. *See State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015) (noting the standard of review). "In exercising discretion, the district court must 'weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform.'" *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) (citation omitted). While the court must state its reasons for imposing the sentence, "a 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *Id.* at 408 (citation omitted).

While the district court did focus on Risius age, it also considered other factors:

> Okay. Ms. Risius, my goals with respect to sentencing are to provide for your rehabilitation and the protection of the community. In trying to achieve those goals, to the extent these details have been made known to me, I have taken into account your age, your employment circumstances, your family background, your prior criminal history, the nature of the offense and facts and circumstances surrounding it, and the recommendations of the parties. I have also considered your request for a deferred judgment. In considering that request, I again consider all the factors I just mentioned with the goals of rehabilitation and the protection of the community. I realize that your criminal history consists of driving offenses, but they do include two aggravated misdemeanors.

The court considered a number of factors, not just Risius's age, and the court is not required to "specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). We discern no abuse of discretion in the court's sentencing decision.

**AFFIRMED.**