# IN THE COURT OF APPEALS OF IOWA

No. 15-1718
Filed December 21, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TRACY ADAM THOMPSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

        Following a guilty plea, the defendant appeals from his conviction and sentence for domestic abuse assault causing bodily injury. **CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.**

        Mark C. Smith, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

        Considered by Mullins, P.J., McDonald, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BLANE, Senior Judge.**

Tracy Thompson appeals from his conviction and sentence for domestic abuse assault causing bodily injury, an aggravated misdemeanor, in violation of Iowa Code section 708.2A(3)(b) (2015). Thompson pled guilty to the offense. On appeal, he maintains his trial counsel provided ineffective assistance by failing to advise him of the surcharge that would be added to any fine that was imposed and by failing to withdraw Thompson's guilty plea after, he alleges, the court did not sentence him in accordance with the plea agreement. Thompson also challenges his sentence as illegal.

**I. Background Facts and Proceedings.**

In July 2015, Thompson was charged by trial information with domestic abuse assault causing bodily injury.

On September 29, 2015 Thompson signed a written guilty plea. The plea included an agreement that Thompson would be sentenced to two years' incarceration, with all but 220 days suspended, and he would receive credit for time already served. Additionally, he would receive a suspended fine of $625 and two years' probation. The agreement did not mention the mandatory surcharge that would be applied to the fine. As part of the agreement, if the plea and sentence were not accepted by the court, Thompson was free to withdraw the plea. Thompson waived his right to both an in-court colloquy and delayed sentencing.

On the same date, the court accepted Thompson's plea and sentenced him to two years' imprisonment with all but 220 days suspended, with credit for time served, as well as probation. As part of the sentence, the court imposed the

minimum fine, $625, as well as the thirty-five percent surcharge, $218.75, and suspended both.

Thompson appeals.

## II. Ineffective Assistance.

To prevail on a claim of ineffective assistance of counsel, Thompson must prove by a preponderance of the evidence (1) his attorney failed to perform an essential duty and (2) prejudice resulted from the failure. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). We look to the cumulative effect of counsel's alleged errors to determine whether Thompson satisfied his burden regarding the prejudice prong. *State v. Clay*, 824 N.W.2d 488, 501 (Iowa 2012). His claim fails if either element is lacking. *See Everett v. State*, 789 N.W.2d 151, 159 (Iowa 2010). Although we prefer to preserve ineffective-assistance claims for development of the record, *see State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006), the record here is adequate for us to decide the claims on direct appeal. We review his claim de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

We first consider Thompson's claim counsel failed to advise him of the surcharge associated with the charge to which he pled guilty. After the plea in this case, our supreme court decided *State v. Fisher*, 877 N.W.2d 676, 686 (Iowa 2016). In *Fisher*, the court concluded the defendant "should have been informed of the mandatory minimum and maximum possible fines, including surcharges." 877 N.W.2d at. 686. However, the court left open the question "whether failure to disclose the surcharges *alone* would have meant the plea did not *substantially comply* with [Iowa Rule of Criminal Procedure] 2.8(2)(b)(2)." *Id.* at 686 n.6; *see also State v. Loye*, 670 N.W.2d 141, 150 (Iowa 2003) (stating "we employ a

substantial compliance standard in determining whether a trial court has discharged its duty" under rule 2.8(2)). Here, even if we assume counsel's failure to inform Thompson of the surcharge violated rule 2.8, Thompson cannot establish that he suffered prejudice, so his claim must fail.

In order to prove he suffered prejudice, Thompson would have to establish there is a reasonable probability that, but for counsel's error, he would not have pled guilty and instead would have insisted on going to trial. *See Straw*, 709 N.W.2d at 138. Thompson cannot establish that he would have gone to trial due to the existence of a surcharge he was never going to be required to pay. Pursuant to Iowa Code section 911.1(3), "When a fine or forfeiture is suspended in whole or in part, the court shall reduce the surcharge in proportion to the amount suspended." As part of Thompson's binding plea agreement, the court was to suspend the entire fine. As such, the court was also required to suspend the entire surcharge. *See* Iowa Code § 911.1(3). The court did both.

Similarly, Thompson maintains his counsel was ineffective for not withdrawing the guilty plea when the court sentenced Thompson to something other than the agreed-upon conditions—namely, imposing (and then suspending) the mandatory surcharge, which was not contemplated by the written plea agreement. Although Thompson's characterization is technically accurate, in reality, Thompson was ordered to perform only the obligations to which he agreed. He did not agree to pay fines or surcharges, and he was ordered to pay none. Moreover, the suspension of the fines and surcharges was not conditioned on his probation, so they could not later be re-imposed. We cannot

find counsel was ineffective for not moving to withdraw Thompson's plea in this circumstance.

**III. Illegal Sentence.**

Thompson maintains the district court's imposition of both probation and 220 days' confinement is illegal. We review claims of illegal sentence for correction of errors at law. *See Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001).[1]

Here, Thompson pled guilty to an aggravated misdemeanor, which carries a maximum penalty of imprisonment of a term not to exceed two years. *See* Iowa Code § 903.1(2) ("When a judgment of conviction of an aggravated misdemeanor is entered against any person and the court imposes a sentence of confinement for a period of more than one year the term shall be an indeterminate term."). The court could then exercise the option to suspend all but two days of the sentence. *See id.* § 907.3(3)(a) (stating "the court may suspend the sentence and place the defendant on probation upon such terms and conditions as it may require . . . [but] [t]he court shall not suspend . . . the following sentence[]: [t]he minimum term of two days imposed pursuant to section 708.2A, subsection 7, paragraph 'a'"); *see also id.* § 708.2A(7)(a) (stating a person convicted of an aggravated misdemeanor of domestic abuse assault "shall serve a minimum of two days of the sentence imposed by law"). The

---

[1] The State asserts Thompson's argument is moot because Thompson has already completed the part of the sentence that was not suspended—220 days' incarceration. However, Thompson has since violated the terms of his probation and has been ordered to serve the original sentence. Nothing in the record before us establishes Thompson has discharged his original sentence, and his claim is therefore not moot. *See Rarey v. State*, 616 N.W.2d 531, 532 (Iowa 2000) (finding a motion to challenge an illegal sentence is moot only if the sentence has been discharged).

statute does not allow the court to suspend all but 220 days. *See id.* § 907.3 (allowing the court to exercise "any of the options contained in this section," including deferring judgment and placing the defendant on probation, deferring the sentence and assigning the defendant to the judicial district department of correctional services, or suspending the sentence and placing the defendant on probation"). "Granting probation and imposing confinement constitute a contradiction." *State v. Harris*, 251 N.W.2d 483, 483 (Iowa 1977). Because the sentence imposed by the district court is not provided for by statute, it is outside the authority of the district court do so. *See Tindell*, 629 N.W.2d at 359 (stating an illegal sentence is one not authorized by statute). We remand to the district court for resentencing. *See State v. Woody*, 613 N.W.2d 215, 218 (Iowa 2000) (remanding for resentencing when "[t]he plea was valid; only the sentence was illegal").

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.**