# IN THE COURT OF APPEALS OF IOWA

No. 16-0976
Filed June 21, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DALON LAMONT JOHNSON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Timothy T. Jarman, District Associate Judge.

Dalon Johnson appeals his sentences, contending his right to personal presence and allocution at sentencing were violated.  **APPEAL DISMISSED.**

Zachary S. Hindman of Mayne, Arneson, Hindman, Hisey & Daane, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

Dalon Johnson appeals his sentences following his guilty pleas to serious assault and third-degree theft. Claiming that his rights of personal presence and allocution at the sentencing hearing were violated, Johnson requests his sentences be vacated and his case remanded for resentencing. Because Johnson has completely discharged his sentences, we dismiss his appeal as moot.

Johnson was charged by trial information with one count of serious assault, in violation of Iowa Code §§ 708.1 and 708.2(2) (2016), a serious misdemeanor, and one count of theft in the third degree in violation of Iowa Code § 714.1(4) and 714.2(3), an aggravated misdemeanor. Johnson pled guilty to each count in separate undated written pleas of guilty. Each written plea indicated the prosecutor would recommend, among other things, that Johnson be committed to jail for a period of thirty days. In each plea agreement, Johnson acknowledged:

> This is a bargained plea and is based on the recommendations to be made by the prosecuting attorney, but I know that those recommendations are not binding on the Court and no one has guaranteed to me any specific sentence. I understand that the Judge is not bound by any plea bargain that I have entered into with the prosecuting attorney. I also know that the Judge may not follow the recommendation in the Plea Agreement and that my sentence may be either less or more severe than that called for in the Plea Agreement.

Johnson waived his right to a fifteen-day delay between the time of entry of his plea and the date of his sentencing, *see* Iowa R. Crim. P. 2.23(1), and he asked "that judgment and sentence be pronounced now and without delay." The written pleas were filed on May 13, 2016. Three days later, the district court entered an

order of disposition accepting Johnson's pleas and sentencing him to thirty days in jail on each count to be to be served concurrently. In this paper-plea proceeding, Johnson was not present when the court accepted his pleas and imposed the sentences.[1] He filed his notice of appeal on June 8, 2016. On February 2, 2017, the State moved to dismiss the appeal as moot. Johnson resisted. The supreme court denied the motion on March 30, 2017, and allowed the parties to address the mootness matter in their appellate briefs. The appeal was transferred to this court on May 12, 2017.

On appeal, Johnson argues his sentences should be vacated and the case remanded for resentencing because the district court failed to afford him his rights of personal presence and allocution at sentencing. A defendant has the right to be present at sentencing. *See* Iowa R. Crim. P. 2.27(1); *State v. Ezell*, No. 11-1530, 2012 WL 5954592, at *1 (Iowa Ct. App. Nov. 29, 2012). Iowa Rule of Criminal Procedure 2.23(3)(d), provides, in part, that before the court pronounces sentence "counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment." A defendant can waive both the right to be present at sentencing and the right of allocution. *See State v. Shadlow*, Nos. 11-2047, 11-2048, 2013 WL 263340, at *1, *3 (Iowa Ct. App. Jan. 24, 2013). Our cases state the waiver of the right to be present at sentencing is necessarily a waiver of the right of allocution. *See id.* at *3.

---

[1] It is not clear from the order of disposition whether the prosecutor or defense attorney were present when the pleas were presented to the court, and there is no record of the proceeding, if there was in fact a proceeding.

In each case in which this court has concluded the defendant waived the right of allocution, the defendant signed an express waiver of the right to be present at sentencing and/or the right of allocution. *See id.* at *1, *3; *State v. Estlund*, No. 15-1151, 2016 WL 1359056, at *1–2 (Iowa Ct. App. Apr. 6, 2016) ("I waive the proceeding rights and my right to have the court address me personally . . . I understand that I have the right to allocution which allows me to address the Court personally and make a statement in mitigation of my punishment in this case, as provided by Iowa Rule of Criminal Procedure 2.23(3)(d)."); *State v. Culberson*, No. 13-2049, 2015 WL 6509754, at *1 (Iowa Ct. App. Oct. 28, 2015) ("I expressly waive my right to personally address the court at the time of sentencing. I further agree that the court may impose sentence without my being present."); *State v. Verbeek*, No. 14-0534, 2015 WL 4936397, at *1 (Iowa Ct. App. Aug. 19, 2015) ("[The defendant's] written guilty plea requested immediate sentencing, waived personal presence, waived filing a motion in arrest of judgment, and acknowledged and waived his right of allocution."). The written guilty plea forms signed by Johnson are devoid of any such waivers.[2] Consequently, we conclude Johnson did not waive his right to be present at sentencing.

The State does not respond to the merits of the waiver issue but instead contends that Johnson's claim is moot because he has discharged his sentences. Johnson does not dispute that he has discharged his jail sentences. "A case is moot when judgment, if rendered, will have no practical legal effect

---

[2] Waiver of the fifteen-day delay between the plea and sentencing is not a waiver of the right to be present at sentencing. *State v. Daniels*, No. 15-1601, 2016 WL 4803782, at *1 (Iowa Ct. App. Sept. 14, 2016).

upon the existing controversy." *Toomer v. Iowa Dep't of Job Serv.*, 340 N.W.2d 594, 598 (Iowa 1983) (internal citation omitted). Generally, discharge of a sentence renders a challenge to the sentence moot. *See Lane v. Williams,* 455 U.S. 624, 631, (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."); *Rarey v. State,* 616 N.W.2d 531, 532 (Iowa 2000) (finding that a challenge to a prison disciplinary action was rendered moot by absolute discharge of prison sentence); *State v. Wilson*, 234 N.W.2d 140, 141 (Iowa 1975) (finding challenge to propriety of work release revocation moot since defendant completed his one-year jail term and was released); *Cordova v. State*, No. 10-1458, 2013 WL 988898, at *3 (Iowa Ct. App. Mar. 13, 2013) (holding that even if district court lacked authority to order defendant to complete assaultive behavior class, defendant's discharge of sentence rendered the challenge moot); *State v. Ennenga*, No. 10-1490, 2011 WL 3480963, at *3 (Iowa Ct. App. Aug. 10, 2011) (expiration of prison term rendered challenge to illegal sentence moot).

Johnson counters with the "collateral consequences" exception to the mootness doctrine. This exception applies "if a judgment left standing will cause the appellant to suffer continuing adverse collateral consequences." *In re B.B.*, 826 N.W.2d 425, 429 (Iowa 2013) (citing *Sibron v. New York*, 392 U.S. 40, 53-57 (1968)). He asserts he faces adverse collateral consequences that are sufficient to warrant exception from the mootness doctrine. Specifically, he speculates that had he been present at sentencing he might have persuaded the court to grant

him a deferred judgment.[3] The written guilty pleas make no suggestion nor even hint of any request for a deferred judgment. Furthermore, Johnson makes no effort to show he may have been eligible for a deferred judgment. Deferred judgment is not available under many circumstances. *See* Iowa Code § 907.3(1)(a). That given the opportunity to exercise his right of allocution, "the district court might have been persuaded to grant [Johnson] a deferred judgment" is pure conjecture on Johnson's part, and simply not the kind of showing required to invoke the collateral-consequences exception to the mootness doctrine.

Johnson also claims potential adverse collateral consequences under the United States Sentencing Guidelines concerning calculation of "criminal history points"—should he ever be convicted of a federal crime in the future. However, while this consequence may be within the realm of possibilities, we find it to be too attenuated and speculative to trigger the collateral-consequences exception to the mootness doctrine.

---

[3] This court has held that discharge of a defendant's sentence did not render moot his claim the sentencing court abused its discretion by imposing rather than deferring judgment and sentence. *State v. Risius*, No. 15-1365, 2016 WL 4543787, at *1 (Iowa Ct. App. Aug. 31, 2016). *Risius* is distinguishable from the case at hand. There, as a part of the plea agreement, the parties presented a joint recommendation that Risius would receive a deferred judgment. *Id.* The court rejected the recommendation and sentenced Risius to jail. *Id.* On appeal, she raised her claim, among others, that the district court abused its discretion in not granting her a deferred judgment. *Id.* After the appeal had been briefed and transferred to this court, the State filed a motion claiming the appeal was moot since Risius had already discharged her sentence. *Id.* Risius responded that her claim was not moot in light of the sentencing option of a deferred judgment. *Id.* A panel of this court agreed. *Id.*

Here, the facts are significantly different. There is nothing in this record to indicate a deferred judgment was even available to Johnson. No presentence investigation (PSI) report was prepared. He made no request for a deferred judgment. The prosecutor did not recommend a deferred judgment. Johnson has not suggested the sentencing court abused its discretion in failing to grant him a deferred judgment. Johnson did not raise the deferred judgment issue on appeal. He raised the issue for the first time in responding to the State's motion to dismiss the appeal as moot. Because of the significant differences in the two cases, we do not find *Risius* controlling here.

Because Johnson has discharged his sentence, his appeal is moot.  The collateral consequences exception to the mootness doctrine does not apply here. Consequently, we dismiss the appeal.  *See In re M.T.*, 625 N.W.2d 702, 704 (Iowa 2001) (stating as a general rule, an appeal will be dismissed when it is moot).

**APPEAL DISMISSED.**