## IN THE COURT OF APPEALS OF IOWA

No. 17-0131
Filed October 25, 2017

**SHI DUPREE ROMANTIC MORRIS-AGAN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Pottawattamie County, Gregory W. Steensland, Judge.

Appeal from the denial of an application for postconviction relief filed pursuant to Iowa Code chapter 822 (2016). **AFFIRMED.**

Marti D. Nerenstone, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

Shi Dupree Romantic Morris-Agan was convicted of twenty violations of a no-contact order, in violation of Iowa Code section 664A.7 (2015). The district court sentenced Morris-Agan to ten days of incarceration for each of the twenty counts, to be served consecutively. Morris-Agan did not file a direct appeal. Instead he filed an application for postconviction relief, which the district court denied. Morris-Agan timely filed this appeal.

Morris-Agan is not entitled to relief. He challenges the sentencing court's imposition of consecutive sentences. However, Morris-Agan has discharged his sentences. His claim is moot. *See Lane v. Williams*, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."); *Rarey v. State*, 616 N.W.2d 531, 532 (Iowa 2000) (finding that a challenge to a prison disciplinary action was rendered moot by absolute discharge of prison sentence); *State v. Wilson*, 234 N.W.2d 140, 141 (Iowa 1975) (finding challenge to propriety of work release revocation moot since defendant completed his one-year jail term and was released); *State v. Johnson*, No. 16-0976, 2017 WL 2684342, at *3 (Iowa Ct. App. June 21, 2017) ("Because Johnson has discharged his sentence, his appeal is moot"); *Cordova v. State*, No. 10-1458, 2013 WL 988898, at *3 (Iowa Ct. App. Mar. 13, 2013) (holding that even if district court lacked authority to order defendant to complete assaultive behavior class, defendant's discharge of sentence rendered the challenge moot); *State v. Ennenga*, No. 10-1490, 2011 WL 3480963, at *3 (Iowa Ct. App. Aug. 10, 2011)

(expiration of prison term rendered challenge to illegal sentence moot).  No exception to the mootness doctrine is applicable here.

Morris-Agan raises several challenges to the postconviction court's procedure in disposing of his claims.  These procedural challenges do not entitle Morris-Agan to any relief.  First, as noted above, Morris-Agan's substantive claim is moot.  Second, it is Morris-Agan's burden to establish error in the district court proceeding, but he has not provided any record to support his claims of error.  There is no transcript of the hearing on Morris-Agan's application from postconviction relief, and Morris-Agan failed to prepare a statement of the proceedings to create a record on appeal.  *See* Iowa R. App. P. 6.806 (providing for the creation of the statement of proceedings where a transcript is unavailable).  From what we can glean from the record, the district court correctly denied Morris-Agan's claims as moot or barred for not being raised on direct appeal, including Morris-Agan's claim related to speedy indictment, which is presented as a direct claim and not as a claim of ineffective assistance of counsel.  Morris-Agan has thus not established an entitlement to relief.

We have considered all of the parties' respective arguments, including Morris-Agan's pro se arguments, whether or not set forth in full herein.  We affirm the judgment of the district court without further opinion.  *See* Iowa Ct. R. 21.26(1)(a), (e).

**AFFIRMED.**