# IN THE COURT OF APPEALS OF IOWA

No. 21-1333
Filed February 22, 2023

**WILLIAM PAUL ROLAND,**
     Plaintiff,

**vs.**

**IOWA DISTRICT COURT FOR POLK COUNTY,**
     Defendant.
_____

Petition for writ of certiorari from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

William Roland challenges the postconviction-relief ruling denying his constitutional challenge to the sex offender treatment program requirements. **WRIT ANNULLED.**

Nathan A. Olson of Branstad & Olson Law Office, Des Moines, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., Ahlers, J., and Doyle, S.J.*  Buller, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**DOYLE, Senior Judge.**

The Iowa Supreme Court granted William Roland a writ of certiorari to challenge the district court's postconviction-relief (PCR) ruling denying his challenge to the sex offender treatment program (SOTP) requirements as violating his constitutional rights against self-incrimination. The State contends the PCR court correctly denied Roland relief but claims it should have dismissed the action without reaching the merits. We do not find sufficient public interest in the issues presented in Roland's postconviction action to warrant our consideration of the case in the face of the mootness of those issues. Because the district court properly denied Roland's application for post-conviction relief, we annul the writ of certiorari granted by the supreme court.

We start with the tangled procedural history. Roland's claim stems from the sentences imposed on Roland's convictions for sexual offenses in two separate criminal cases.[1] The first case began in October 2017, when the State charged Roland with sexual exploitation of a minor by possession of child pornography. A jury found Roland guilty as charged,[2] and the court sentenced Roland to a two-

---

[1] Roland contributed copious pro se filings in both cases. The court record in the child-pornography case, an aggravated misdemeanor, totals 709 pages, with almost 500 pages generated after Roland filed his notice of direct appeal. Likewise, about two-thirds of the court record in the sexual-abuse case was generated after Roland pled guilty and the court sentenced him.

[2] This court affirmed the conviction on direct appeal but remanded to the district court to consider Roland's ability to pay restitution. *State v. Roland*, No. 18-1917, 2020 WL 7021508, at *4 (Iowa Ct. App. Nov. 30, 2020). We also affirmed his appeal of an order for reimbursement of room and board fees, *State v. Roland*, No. 19-1434, 2020 WL 4497135, at *1 (Iowa Ct. App. Aug. 5, 2020), and dismissed the appeal of the order denying his motion to reconsider the reimbursement judgment, *State v. Roland*, No. 20-0457, 2021 WL 1400765, at *2 (Iowa Ct. App. Apr. 14, 2021).

year suspended sentence. Because Roland violated the terms of his probation, the district court revoked it in February 2019.

While Roland was awaiting trial in the first case, the State charged him with second-degree sexual abuse. After his probation revocation, Roland entered an *Alford* plea to the amended charge of assault with intent to commit sexual abuse. He agreed to serve a two-year sentence that would run consecutive to his sentence in the first case for a total four-year term of imprisonment.

While serving his sentences, Roland was twice placed in and removed from SOTP. He was first placed in the program in February 2020 and removed less than one month later because he failed to meet expectations. The removal decision was affirmed by an administrative law judge and again by the agency before Roland unsuccessfully applied for PCR. Roland re-enrolled in SOTP in October 2020 but was removed in February 2021 for failing to take accountability and minimizing his offenses. And, once again, Roland failed to overturn that decision at the agency level and by PCR application.

With this backdrop, we turn to the present action. In November 2020, during his second enrollment in SOTP, Roland filed a separate PCR application and amended that application after his removal. Roland claimed the disclosures required by SOTP violate his constitutional right against self-incrimination. The State resisted Roland's PCR application and raised three bases for dismissing it without reaching the merits. First, the State asserted that Roland failed to state a claim upon which relief could be granted because SOTP was not part of his conviction or sentence. Second, the State argued the rulings on Roland's other PCR actions barred his claim under the doctrine of res judicata. Finally, the State

claimed the issue was moot because Roland was no longer an inmate, having discharged his sentence in July 2021.

In ruling on the PCR action, the district court briefly addressed and rejected each ground for dismissal. On the issue of Roland's failure to state a claim for relief, the PCR court noted that Iowa Code section 822.2(1)(f) (2020) provides PCR if earned-time reduction of a sentence is unlawfully forfeited and the appeal procedure has been exhausted. Although Roland did not cite section 822.2(1)(f) in his amended application, the court stated it would "treat his amended application and brief as a request under that provision." The PCR court then rejected the res judicata argument noting Roland had not raised the self-incrimination argument in the district court action challenging his first removal from SOTP. The PCR court also found Roland's action moot. But it found Roland's constitutional claim was significant enough from a public interest perspective to decide the merits of the claim. Lastly, the PCR court denied Roland PCR on the merits, citing *State v. Iowa District Court for Webster County*, 801 N.W.2d 513, 515 (Iowa 2011), which addressed a constitutional challenge to the statute requiring incarcerated sex offenders to complete the SOTP for an earned-time reduction in sentence.[3] The supreme court determined that the statute did not violate the Fifth Amendment of the United States Constitution based on the program's requirement that offenders acknowledge responsibility for their offenses. *Iowa Dist. Ct.*, 801 N.W.2d at 515. Noting that there is "no indication that the Iowa Supreme Court would change its

---

[3] Iowa Code section 903A.2(1)(a)(2) states that if the director of the department of corrections requires an inmate to participate in SOTP, the inmate "shall not be eligible for any reduction of sentence until the inmate participates in and completes a sex offender treatment program established by the director."

analysis if the claim was solely considered under the Iowa Constitution," the PCR court followed that controlling precedent.[4]

Roland timely appealed the PCR court's ruling. In its brief, the State asserted that Roland's amended PCR application presented a claim under Iowa Code section 822.2(1)(a), which is appealed "in the manner and within the time after judgment as provided in the rules of appellate procedure for appeals from final judgments in criminal cases." Iowa Code § 822.9. The State argued that "to the extent the district court properly re-framed Roland's postconviction-relief action as one presented under section 822.2(1)(f) in order to allow Roland to escape dismissal for having failed to plead a viable claim, this appeal should have been by writ of certiorari." In his response, Roland cited Iowa Rule of Appellate Procedure 6.108, which allows the appellate court to treat a notice of appeal as a petition for writ of certiorari when appropriate. The supreme court ordered Roland's notice of appeal and brief treated as a petition for writ of certiorari and submitted with the appeal.

Ordinarily, we review certiorari actions for correction of errors at law. *See Iowa Dist. Ct.*, 801 N.W.2d at 517. But when a certiorari action alleges a constitutional violation, our review is de novo. *See id.* "In these circumstances, we make an independent evaluation of the totality of the circumstances under which the challenged ruling on the constitutional right was made." *Id.*

---

[4] No Iowa constitutional claim was raised in the *Iowa Dist. Ct.* case. *See* 513N.W.2d at 518 n.2. A right against self-incrimination is implicit in the "due process of law" guaranteed by Article I, section 9 of the Iowa Constitution. *Id.* Roland does not propose a standard for interpreting the right against self-incrimination under the Iowa Constitution differently than under the federal constitution.

On appeal, the State argues the PCR court should have denied Roland PCR and dismissed his amended application without reaching the merits of his claim. We focus on the mootness issue. "A case is moot when judgment, if rendered, will have no practical legal effect upon the existing controversy." *Toomer v. Iowa Dep't of Job Serv.*, 340 N.W.2d 594, 598 (Iowa 1983). "Ordinarily, an appeal is deemed moot if the issue becomes nonexistent or academic and, consequently, no longer involves a justiciable controversy." *State v. Hernandez-Lopez*, 639 N.W.2d 226, 234 (Iowa 2002). Generally, discharge of a sentence renders a challenge to the sentence moot. *See Lane v. Williams*, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."); *Rarey v. State*, 616 N.W.2d 531, 532 (Iowa 2000) (finding a challenge to a prison disciplinary action was rendered moot by absolute discharge of prison sentence); *State v. Wilson*, 234 N.W.2d 140, 141 (Iowa 1975) (finding challenge to propriety of work release revocation moot since defendant completed his one-year jail term and was released); *Cordova v. State*, No. 10-1458, 2013 WL 988898, at *3 (Iowa Ct. App. Mar. 13, 2013) (holding that even if district court lacked authority to order defendant to complete assaultive behavior class, defendant's discharge of sentence rendered the challenge moot); *State v. Ennenga*, No. 10-1490, 2011 WL 3480963, at *3 (Iowa Ct. App. Aug. 10, 2011) (finding expiration of prison term rendered challenge to illegal sentence moot).

Although Roland was still serving his sentence at the time he filed his PCR action, he discharged his sentence on July 15, 2021, just before the second day of the PCR trial. In *Wilson v. Farrier*, 372 N.W.2d 499 (Iowa 1985), the court held

that an inmate's PCR challenge to a prison disciplinary action was moot because he had been paroled. In *Rarey*, a PCR applicant sought to restore the loss of good-conduct time stemming from an escape violation. 616 N.W.2d at 531. The PCR court dismissed the action on mootness grounds. *Id.* The supreme court affirmed, and referencing *Wilson*, commented that "[i]f parole status, which carries the possibility of a return to prison for the unexpired period of confinement, moots a challenge to loss of good-time credit, then, *a fortiori*, an absolute discharge moots such consideration." *Id.* In view of this case law, the PCR court acknowledged Roland's claim was moot. We agree.

While we generally refrain from reviewing moot issues, an exception exists for issues of broad public importance likely to recur. *Hernandez-Lopez*, 639 N.W.2d at 234.

> In determining whether we should review a moot action, we consider four factors. These factors include: (1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review. The last factor is perhaps the most important factor. If a matter will likely be moot before reaching an appellate court, the issue will never be addressed. Thus, the high likelihood of the issue recurring necessarily implies the desirability of an authoritative adjudication on the subject.

*Id.* The PCR acknowledged there was no case law support to show that Roland's claim should be considered on public interest grounds but found Roland's constitutional claim was "more significant from a public interest perspective than the more generic claims claimed in *Rarey*." We disagree. Central to Roland's claim is his challenge to the constitutionality of the SOTP requirements. We have authoritative adjudication on the subject. Our supreme court held "that a convicted

sex offender who failed to complete a treatment program due to his assertion of Fifth Amendment rights may constitutionally have his eligibility for earned-time credits suspended." *Iowa Dist. Ct.*, 801 N.W.2d at 528. Now that Roland has been convicted as a sex offender, "the State of Iowa may constitutionally establish an incentive for him to obtain treatment in prison by withholding earned-time credits if he declines to participate." *See id.* Section 903A.2(1)(a) does not violate the Fifth Amendment rights of a convicted sex offender. *Id.* at 515. Roland does not cite, reference, or discuss *Iowa District Court* in his brief. And we are not persuaded by his citation to out-of-jurisdiction cases.

We do not find sufficient public interest in the issues presented in Roland's postconviction action to warrant our consideration of the case in the face of the mootness of those issues. The district court properly denied Roland's PCR action.

**WRIT ANNULLED.**