# IN THE COURT OF APPEALS OF IOWA

No. 16-1110
Filed March 8, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIAM C. COLVIN JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Howard County, James C. Bauch,

Judge.


        A defendant appeals the restitution provisions in the district court's

sentencing order.  **APPEAL DISMISSED.**


        Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant

Attorney General, for appellee.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**TABOR, Judge.**

Twenty-eight-year-old William Colvin Jr. pleaded guilty to sexually abusing a fourteen-year-old member of his household. On appeal, he challenges the restitution ordered by the court. Colvin requests a remand to correct the order and to hold a hearing on his ability to pay restitution. Because Colvin's issues are moot, we dismiss the appeal.

## I.    Facts and Prior Proceedings

On May 23, 2016, Colvin pleaded guilty to sexual abuse in the third degree, in violation of Iowa Code section 709.4 (2015), and was immediately sentenced. The State asked the court to follow the recommendations in the presentence investigation report, including, in part, a ten-year suspended sentence, a five-year probationary term, and sex-offender treatment. The State did not object to the court suspending "the $250 civil penalty fee for being a sex offender." *See* Iowa Code § 692A.110(2). Colvin asked the court to suspend all fines, civil penalties, and surcharges and enter a deferred judgment.

The court followed the State's recommendation, including suspension of the $250 civil penalty, "given your work history and your situation," and ordered victim restitution "for any services required for the victim as a result of your actions." After noting Colvin was not capable of paying attorney fees, the court declined to order repayment. The court required Colvin to pay a surcharge of $100 mandated by Iowa Code section 911.2B and "court costs in an amount to be determined by the clerk's office, and judgment fees accordingly."

As relevant here, the court's May 24, 2016 written sentencing order, unlike its oral pronouncement, required Colvin to "pay a civil penalty of $250 to the clerk

of court" as a sex offender. The court suspended the minimum fine of $1000 and the 35% fine surcharge but required Colvin to pay victim restitution and a room-and-board fee as set by the sheriff. The written order further stated: "COURT COSTS. The defendant shall pay all court costs, fees, and special surcharges required to be assessed for all of these offenses by state law. Under section 911.2B, defendant is fined $100 domestic abuse[1] surcharge . . . . Clerk will assess [him] for these costs."[2]

On May 27, the DCS filed a restitution plan in which Colvin agreed to pay $50 each month toward $350 in court costs, with payments starting in June 2016. The district court approved Colvin's restitution plan. On June 10, 2016, Colvin filed a notice of appeal.[3]

On June 29, 2016, the clerk's financial summary showed Colvin had not made any payments toward his then $490 in financial obligations—itemized as civil penalty sex offender ($250), domestic/sexual abuse ($100), court reporter services ($40), and filing fee ($100). *See State v. Dudley*, 766 N.W.2d 606, 624 (Iowa 2009) (discussing section 910.2 and stating court costs, including court

---

[1] This surcharge applies to domestic abuse, sexual abuse, stalking, and human-trafficking offenses. *See* Iowa Code § 911.2B.

[2] This provision also stated the clerk would assess Colvin "a $300 supervision fee to the Department of Correctional Service (DCS) as well as $500 for a psychosexual assessment as required." But the next day, Colvin's probation officer told the court the DCS would handle the assessment and collection of the $800. In its May 27, 2016 order, the court stated the DCS would handle those matters, and the district court clerk then removed the obligation by showing Colvin as having paid that amount.

[3] Generally, we would not review matters occurring after the notice of appeal is filed. But mootness questions raise an exception. *See In re L.H.*, 480 N.W.2d 43, 45 (Iowa 1992) ("Matters that are technically outside the record may be submitted in order to establish or counter a claim of mootness. We consider matters that have transpired during the appeal for this limited purpose.").

reporter fees, are included in the definition of "restitution" required of a convicted defendant).

Colvin performed community service at a recycling center on several days over the next two months and submitted his community service hours, at $7.25 per hour, to the court "in lieu of" court costs—$113.16 in July, $246.50 and $244.75 in August, totaling $584.41 ($94.91 more than the $490 assessed court costs). The court approved all three submissions.

## II. Scope of Review

On appeal, Colvin challenges the restitution ordered by the sentencing court. "We review restitution orders for the correction of errors at law." *State v. Jenkins*, 788 N.W.2d 640, 642 (Iowa 2010).

## III. Analysis

Initially, Colvin claims the court erred by entering a written order requiring him to pay the $250 civil penalty when the court had suspended that amount during the sentencing hearing. He asks us to reverse and remand for a correction of the sentencing order. When a discrepancy arises between the oral pronouncement of sentence and the written judgment, the oral pronouncement governs. *State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995). The State concedes "the oral pronouncement controls." But the State contends Colvin's challenge is moot because Colvin has discharged this obligation through his community service—as evident from the Iowa Courts Online Docket records.[4]

---

[4] We may take judicial of these court records. *See* Iowa R. Evid. 5.201(f) ("Judicial notice may be taken at any stage of the proceeding."); *State v. Sorensen*, 436 N.W.2d 358, 363 (Iowa 1989) (taking judicial notice on appeal).

A case "is moot if it no longer presents a justiciable controversy because the issues involved have become academic or nonexistent." *State v. Wilson*, 234 N.W.2d 140, 141 (Iowa 1975) (noting in a moot action, "a judgment, if rendered, will have no practical legal effect upon the existing controversy"). In the specific circumstances of this case, the discrepancy between the court's oral and written sentences does not entitle Colvin to relief. The issue is moot because he has already discharged this obligation through community service.[5] *See id.* (ruling defendant's challenge to revocation of his work release was moot because he had served his sentence); *State v. Kurtz*, No. 13-0715, 2014 WL 958033, at *4 (Iowa Ct. App. Mar. 12, 2014) (recognizing a defendant's discharge of a sentence "renders a challenge to the sentence moot").

Colvin also "objects to the nature of the sentencing hearing," arguing the court erred by ordering restitution without determining his reasonable ability to pay. *See Dudley*, 766 N.W.2d at 615 (discussing court determination "the defendant is or will be reasonably able to pay" before assessing attorney fees). Colvin contends "it is impossible to know which obligations are subject to satisfaction by community service" and seeks a remand "for a determination of [his] reasonable ability to pay."

When a criminal defendant owes restitution to the government or a victim, Iowa law mandates its imposition. *Jenkins*, 788 N.W.2d at 644 (discussing our statutory framework for restitution). In this case, it does not appear victim restitution has been sought. As to court costs, we disagree it is "impossible" to

---

[5] Colvin does not suggest on appeal that any remedy exists if he performed more hours of community service than necessary to reimburse the costs ordered by the court.

know what court costs Colvin discharged by his community service. *See* Iowa Code § 910.2 (allowing sentencing courts the option of ordering community service); *see also Dudley*, 766 N.W.2d at 623 (stating "a mechanism exists to monitor a convicted defendant's performance of court-ordered community service"). The record shows Colvin voluntarily entered into a restitution plan, agreeing in May 2016 he had the ability to pay $350 in court costs. But in fact, the court credited Colvin for $584.41 in community service, which extinguished the $490 assessed by the clerk as court costs.[6] We agree with the State that the reasonable-ability-to-pay issue is moot; there is no "justiciable controversy" before us.[7] *Wilson*, 234 N.W.2d at 141.

Because we find Colvin's challenges are moot, we dismiss his appeal.

**APPEAL DISMISSED.**

---

[6] Specifically, the online docket shows $1290 in court costs and $1290 paid. When the $800 credit Colvin was given for the two items collected by the DCS is subtracted, $490 remains and is shown as having been paid by Colvin. The docket also shows Colvin has not been assessed any amounts in the "fine, surcharge, restitution, or other" categories.
[7] Colvin did not file a reply brief to contest the State's mootness argument.